IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CREATIVE SOURCE GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AGRIPROCESSORS, INC., <br><br> Defendant. | Case No. C08-1016 <br><br> RULING ON MOTION FOR SANCTIONS |

This matter comes before the Court on the Motion for Sanctions (docket number 32) filed by the Plaintiff, Creative Source Group, Inc., on October 17, 2008. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

### *PROCEDURAL HISTORY*

On May 20, 2008, Plaintiff Creative Source Group, Inc. ("CSG") filed a Complaint (docket number 2) seeking damages from Defendant Agriprocessors, Inc. for an alleged breach of contract.[1] CSG claims that Agriprocessors breached an oral agreement to pay for graphic design work performed by CSG. In an Answer (docket number 7) filed on June 16, 2008, Agriprocessors denied the material allegations.

Trial is scheduled before Chief Judge Linda R. Reade on May 18, 2009. On November 6, 2008, however, Agriprocessors filed a Notice of Filing Bankruptcy (docket number 38). Agriprocessors has filed a voluntary petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York. Accordingly, this matter is automatically stayed pursuant to 11 U.S.C. § 362.

---

[1] Later that same day, CSG filed an Amended Complaint (docket number 3), reducing slightly the amount allegedly owed.

1

Meanwhile, prior to Agriprocessors filing for bankruptcy protection, CSG filed the instant motion for sanctions. CSG requests that the Court sanction Agriprocessors as a consequence of Heshy Rubashkin, Randy Vogt, and Chaim Abraham failing to appear for depositions on October 17, 2008. In an Order (docket number 39) filed on November 6, 2008, Chief Judge Reade concluded that the bankruptcy proceeding does not stay a resolution of the motion for sanctions.

## *RELEVANT FACTS*

On September 4, 2008, CSG's attorney, Jeffrey A. Stone, sent a letter by e-mail to attorney Patrick White of the Nyemaster firm, who at that time was representing Agriprocessors. Mr. Stone stated that he was "writing to confirm that depositions will be held in either Cedar Rapids or Postville on September 23 and 24, 2008." Mr. White responded the same day, indicating that "[o]ur previous discussion regarding depositions were general" and that "[w]e are not in agreement to take depositions these dates." A few minutes later, Mr. Stone asked Mr. White in an e-mail to "[p]lease propose dates that you are available in the month of October."

On September 9, Mr. Stone issued subpoenas for Heshy Rubashkin, Randy Vogt, and Chaim Abraham. Rubashkin is vice-president of Agriprocessors, Vogt is marketing manager for Agriprocessors, and Abraham is purchasing manager for Agriprocessors. The subpoenas commanded the witnesses to appear to testify at the taking of their depositions at the Simmons Perrine law firm in Cedar Rapids on October 17, 2008.

On September 11, the subpoenas were served on attorney Jay Eaton of the Nyemaster firm, who was Agriprocessors' registered agent. In a letter sent to Mr. Stone on the same day, however, Mr. Eaton indicated that "I am not an agent for service of process for any of those three individuals, and I have no authority to accept service of process on their behalf." The three witnesses were then served personally by an Allamakee County deputy sheriff on September 16.

Also on September 11, the Nyemaster law firm filed a motion to withdraw as counsel. Following a hearing, the Court entered an Order on September 22, permitting

2

the withdrawal of the Nyemaster firm's appearance. The Belin law firm was retained on September 30 and received the file on October 2.

On October 3, Mr. Stone called Christopher L. McDonald of the Belin law firm to discuss the written discovery requests submitted by CSG. Mr. McDonald told Mr. Stone that he had only received the file the previous day and requested an extension of time to respond, but Mr. Stone refused.[2] The depositions which were scheduled for precisely two weeks later were not discussed at that time.

On Monday, October 13, Mr. McDonald sent a letter to attorneys Jeffrey A. Stone and Roger W. Stone by fax, asking about depositions scheduled on Friday of that week.

> As you know this firm now represents Agriprocessors, Inc., in the above-referenced matter. In reviewing the pleadings and correspondence in the file, I noticed several references to depositions scheduled to occur on October 17, 2008; however, I have been unable to locate any subpoenas or determine whether you and the Nyemaster Law Firm reached an agreement regarding depositions. Please contact me at your earliest convenience to discuss.

Letter from Christopher McDonald to Robert W. Stone and Jeffrey A. Stone, dated October 13, 2008. *See* docket number 32-3 at 6.

According to his "declaration" filed in resistance to the instant motion, Mr. McDonald called Jeff Stone on the morning of October 14 and left a voicemail message, but received no reply. On the morning of October 15, Mr. McDonald left a voicemail message for Roger Stone regarding depositions, but received no reply. Mr. McDonald also called Jeff Stone that morning and left a voicemail message regarding depositions, but received no reply.

On the morning of Thursday, October 16, Mr. McDonald sent a letter to Roger W. Stone and Jeffrey A. Stone by fax. In his letter, Mr. McDonald recounts CSG's attempt to serve the witnesses by serving Jay Eaton. Mr. McDonald states that while Plaintiffs had

---

[2] Later that day, CSG filed a motion to compel discovery response, which was granted by the Court in an Order filed on October 20.

known since at least October 2 of his law firm's involvement, "we have not received any notice that any subpoenas have been served upon Messrs. Rubashkin, Abraham, or Vogt."[3] Mr. McDonald asks "whether you would be willing to extend me the professional courtesy of scheduling any such depositions on a mutually agreeable date and time."[4]

The letter also purports to state "Rule 45 objections" to the subpoenas. The letter states that "neither the Nyemaster Firm nor this firm has received notice that any subpoena has been served in this matter." The letter suggests that "[s]ervice of subpoenas upon the employees of an adverse party without notice to counsel would be highly irregular."[5] The letter also notes that the scheduled depositions fell during the week of a Jewish holiday, the observance of which precluded the witnesses "from preparing for any depositions due to required business closure and prohibitions on work-related activities."[6]

After faxing the letter on the morning of October 16, Mr. McDonald received a letter from Mr. Stone by ordinary mail, dated October 15. Mr. Stone's letter references Mr. McDonald's faxed letter of October 13, where Mr. McDonald asks about references in the file to depositions scheduled on October 17. The letter from Mr. Stone to Mr. McDonald states, in full:

> I received your letter dated October 13, 2008. I placed a telephone call to you on October 13, 2008, however, I was not able to reach you. Please submit all requests for documents through the means provided for by the Federal Rules of Civil Procedure.
>
> Interrogatory No. 12 was served on AgriProcessor's [sic] prior counsel on September 11, 2008. Please respond to

---

[3] Letter from Christopher McDonald to Roger W. Stone and Jeffrey A. Stone, dated October 16, 2008. *See* docket number 32-3 at 8.

[4] *Id.*

[5] *Id.* at 9.

[6] *Id.*

4

Interrogatory No. 12 as provided for by the Federal Rules of
Civil Procedure.

Letter from Jeffrey A. Stone to Chris McDonald, dated October 15, 2008. *See* docket number 32-3 at 7.

At 5:45 p.m. on October 16, Mr. Stone filed proofs of service of the subpoenas.[7] Mr. McDonald received e-mail notice from the Clerk of Court of the filing of the proofs of service and he immediately called Mr. Stone to discuss the depositions scheduled for the following day. According to Mr. McDonald, Mr. Stone told him that "he did not like Agriprocessors," and "he was not willing to accommodate the subpoenaed parties."[8]

The witnesses failed to appear on October 17, as required by the subpoenas. The instant motion for sanctions was filed on the same day.

## DISCUSSION

A subpoena may be used to command a person to attend at a specified time and place for the purpose of giving testimony. FED. R. CIV. P. 45(a)(1)(A). It may be issued by an attorney who is authorized to practice in this court. Rule 45(a)(3)(A). It must be served by delivering a copy of the subpoena to the named person and "tendering the fees for 1 day's attendance and the mileage allowed by law." Rule 45(b)(1). Agriprocessors does not claim that the subpoenas were defective in form, or that they were not properly issued or served.[9]

Agriprocessors argues, however, that it cannot be sanctioned as a consequence of the witnesses' failure to appear because CSG failed to provide Agriprocessors with a necessary written notice of the depositions. "A party who wants to depose a person by

---

[7] Actually, the proof of service for Chaim Abraham was filed twice, together with proof of service on Randy Vogt. The proof of service for Heshy Rubashkin was not filed until the following morning at 9:18 a.m.

[8] Declaration of attorney Christopher L. McDonald, docket number 35-2 at 4-5.

[9] The record is silent regarding whether CSG tendered the witness fees and mileage, but Agriprocessors does not raise any objection in that regard.

oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). In its reply brief, CSG acknowledges the requirement of Rule 30(b)(1), but argues that it gave Agriprocessors reasonable written notice of the depositions in three ways.

First, CSG argues that Agriprocessors received reasonable written notice of the depositions when CSG attempted to serve Jay Eaton with the subpoenas on September 11. CSG argues that Mr. Eaton, who at that time represented Agriprocessors in this case, read the subpoenas and therefore knew of the time and place for the depositions. The Court concludes, however, that CSG's failed attempt to serve the subpoenas by serving Mr. Eaton does not provide the "reasonable written notice" required by Rule 30(b)(1). The written notice required by Rule 30(b)(1) must be provided to the "other party." The subpoenas were directed to Heshy Rubashkin, Randy Vogt, and Chaim Abraham. The subpoenas do not identify the witnesses in their corporate or representative capacities. The subpoenas are not directed to Agriprocessors, the "other party" in this case. The mere fact that counsel for Agriprocessors saw the subpoenas under these circumstances does not satisfy the mandate to "give reasonable written notice to every other party" found in Rule 30(b)(1).

Next, CSG argues that reasonable written notice was given to Agriprocessors by service of the subpoenas on Rubashkin, Vogt, and Abraham. That is, CSG argues that service of the subpoenas on the witnesses, "as officers of Agriprocessors," satisfied the requirement of Rule 30(b)(1). CSG cites no authority in support of its argument. While Heshy Rubashkin is apparently a vice-president of Agriprocessors, there is no indication in the record that Vogt or Abraham are officers of the corporation.[10] The subpoena served on Heshy Rubashkin does not, however, identify him in his capacity as an officer of Agriprocessors. The Court concludes that service of the subpoena on Rubashkin does not

---

[10] Vogt is identified as the marketing manager for Agriprocessors, while Abraham is identified as purchasing manager for Agriprocessors. Declaration of Attorney Christopher L. McDonald (docket number 35-2), ¶¶ 12-13 at 3.

meet the requirement of giving "reasonable written notice to every other party." The Court believes that the written notice required by Rule 30(b)(1) must be provided to the attorney who has appeared in the litigation on behalf of the other party.

Finally, CSG argues that by filing the proofs of service with the Court, notice of the depositions was given to Agriprocessors. This argument may have some weight if the proofs of service had been filed promptly following the witnesses' service on September 16. Instead, two of the proofs of service were not filed until 5:45 p.m. on the day before the scheduled depositions, with the third proof of service filed at 9:18 a.m. on the morning of the scheduled depositions.[11] The Court concludes that even if the filing of proofs of service constitutes "written notice to every other party," as required by Rule 30(b)(1), it is not "*reasonable* written notice" as required by the Rule.

On the Monday of the week of the scheduled depositions, Agriprocessors' new attorney faxed a letter to CSG's counsel in an attempt to clarify whether depositions were scheduled on that Friday. Counsel for CSG was unresponsive. Mr. McDonald called on Tuesday and called twice on Wednesday, leaving voicemails on each occasion. Again, CSG's counsel did not respond. On Thursday, Mr. McDonald received a letter sent by Mr. Stone by ordinary mail. Rather than responding directly to the inquiry regarding the depositions scheduled on Friday and the location of any subpoenas, however, Mr. Stone instructed Mr. McDonald to "[p]lease submit all requests for documents through the means provided for by the Federal Rules of Civil Procedure."

It can certainly be argued that Agriprocessors had actual knowledge of the depositions scheduled on October 17. As CSG notes, Mr. Eaton saw the subpoenas as early as September 11. In its Order permitting the Nyemaster firm to withdraw, the Court noted that "depositions have been noticed for October 17, 2008." Presumably, if the Belin firm had any questions regarding whether subpoenas had been served, it could have simply contacted the witnesses, who were all Agriprocessors employees. Agriprocessors could

---

[11] The first deposition was scheduled to begin at 9:00 a.m. on October 17.

7

have filed a motion to quash the subpoenas pursuant to FEDERAL RULE OF CIVIL PROCEDURE 45(c)(3) (arguing, for example, that the subpoenas placed an undue burden on the witnesses since the depositions were scheduled on a Jewish holiday), or filed a motion for protective order pursuant to FED. R. CIV. P. 26(c).

Nonetheless, as a consequence of CSG's failure to provide reasonable *written* notice to Agriprocessors as required by Rule 30(b)(1), the Court concludes that the imposition of sanctions against Agriprocessors is unwarranted. Given the Court's conclusion in this regard, it is unnecessary to consider Agriprocessors' further arguments that CSG's failure to act in good faith precludes the imposition of sanctions, or that sanctions against the corporation are not warranted as a consequence of the individual witnesses' failure to appear. The Court has considered, and now rejects, Agriprocessors' request that CSG be sanctioned. Counsel's effort to stonewall when Mr. McDonald asked directly about the status of the subpoenas and the depositions was unhelpful and is disapproved of by the Court. While CSG's counsel was allegedly motivated by personal hostility toward Agriprocessors, the Court concludes that his actions do not rise to the level of sanctionable activity.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Sanctions (docket number 32) filed by the Plaintiff is hereby **DENIED**.

DATED this 8th day of December, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA